# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

BRITTANY AMBER NICOLE REYNOLDS
and JAMES SCOTT REYNOLDS,

     Plaintiffs,

v.

CARDINAL FINANCIAL COMPANY,
LIMITED PARTNERSHIP,

     Defendant.

**Case No.**_____,

**NOTICE OF REMOVAL**

Defendant, Cardinal Financial Company, Limited Partnership ("Cardinal") hereby gives notice, with full reservation of any and all defenses and claims, of removal of this action from the General Court of Justice, Superior Court Division, Gaston County, North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division. For the reasons stated below, this Court has subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. In support of this removal, Cardinal states as follows:

## PROCEDURAL BACKGROUND – STATE COURT ACTION

1. Plaintiffs, Brittany Amber Nicole Reynolds and James Scott Reynolds ("Plaintiffs") initiated this action on August 8, 2025 by filing a Complaint in the Gaston County Superior Court under Case Number 25CVS003585-350, seeking to enjoin the foreclosure sale of real property and for declaratory and injunctive relief, and asserting a breach of contract claim.

2. On February 13, 2026, Plaintiffs filed a First Amended Complaint, asserting an additional claim under the North Carolina Unfair and Deceptive Trade Practices Act.

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, processes, and orders received by Cardinal in the state-court action are attached hereto as **Exhibit A**.

4.      Cardinal was served with a copy of the First Amended Complaint on February 13, 2026.

5.      This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of Cardinal's receipt of the First Amended Complaint, which alleges new allegations, adds a new count for unfair trade practices, and seeks new relief that increases the amount in controversy beyond the $75,000 jurisdictional threshold.  *See* 28 U.S.C. § 1446(b). This action was also commenced less than one year ago.

## GROUNDS FOR REMOVAL

6.      This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(a)(1).  The amount in controversy exceeds $75,000.00 and there is complete diversity among the parties.

## I.      Diversity of citizenship

7.       Plaintiff Brittany Amber Nicole Reynolds, upon information and belief, is an adult resident citizen of North Carolina.  (First Amend. Compl. ¶ 1.)

8.      Plaintiff James Scott Reynolds, upon information and belief, is an adult resident citizen of North Carolina.  (First Amend. Compl. ¶ 1.)

9.      Cardinal is a limited partnership organized under the laws of Pennsylvania.  The limited partnership comprises Wakefield Partners GP LLC and Wakefield Investors LLC. Wakefield Partners GP LLC's sole member is Wakefield Investors LLC. Wakefield Investors LLC's sole member is WF Cardinal Holdings LLC. The sole member of WF Cardinal Holdings LLC is an individual domiciled in the State of Arizona.

10. There is complete diversity between Plaintiffs and Cardinal.

## II. The Amount in Controversy Exceeds $75,000.00.

11. If diversity of citizenship, under 28 U.S.C. § 1332(a), provides the grounds for removal, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). If a complaint "does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Francis v. Allstate Ins. Co.*, 709 F.3d 362 (4th Cir. 2013) (internal citations omitted).

12. In an action seeking injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977).

13. Plaintiffs' First Amended Complaint alleges allege that Cardinal's alleged actions have caused Plaintiffs to suffer monetary damages, reputational damages, and emotion distress (First Amend. Compl., ¶¶ 144-146), and seeks an injunction against foreclosure as well as compensatory damages, treble damages, and attorneys' fees.

14. The amount in controversy for jurisdictional purposes is further determined by the amount of damages that is the subject of the action, including attorneys' fees and statutory damages. *Harris v. State Farm Fire and Casualty Co.*, No. 5:13-CV-61-BO, 2013 WL 3356582 at * 3 (E.D. N.C. July 13, 2013) (citing *Bell v. Preferred Life Assur. Soc.*, 320 U.S. 238, 240 (1943)); *R.L Jordan Oil Co. of N. Carolina v. Boardman Petroleum, Inc.*, 23 F.App'x 141, 145 n.3 (4th Cir. 2001); *see Wall v. Fruehauf Trailer Servs., Inc.*, 123 F. App'x 572, 577 (4th Cir. 2005).

15.     The First Amended Complaint filed February 13, 2026 for the first time alleges that Plaintiff Brittany Reynolds "has suffered *severe mental anxiety and depression*, for which she has sought professional mental health services." (emphasis added).

16.     The First Amended Complaint also for the first time alleges a claim under which Plaintiffs can seek attorney's fees, namely the North Carolina Unfair and Deceptive Trade Practices Act.  *See* N.C.G.S. § 75-16.1.  This statutory claim also permits recovery of treble damages.

17.     In light of Plaintiffs' allegations of severe emotional distress, demand for treble damages, and demand for recovery of statutory attorneys' fees, the preponderance of the evidence shows that the amount in controversy exceeds $75,000.00.  *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (a claim for attorney's fees may be included in calculating the amount in controversy if provided for by contract or statute).

18.     Therefore, this entire case is removable pursuant to 28 U.S.C. § 1441(a).

### III.     All other requirements for removal are satisfied.

19.     Removal is timely because less than 30 days have passed since service of the First Amended Complaint on Cardinal, and Plaintiffs' original Complaint was not removable.

20.     This matter has not been previously removed.

21.     Venue for removal is proper in this District and division, because this District and division embrace Gaston County, the forum in which the removed action was pending.  *See* 28 U.S.C. § 1441(a).

22.     Cardinal is the sole defendant in this action; hence, all defendants have joined in the removal.

23. No defendant joined in this action is a citizen of North Carolina, in which the action was brought.

24. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Cardinal's right to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12, or otherwise, including, but not limited to, the defenses of failure to state a claim upon which relief can be granted, lack of personal jurisdiction, or other defenses.

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being filed with the Clerk of Superior Court for Gaston County, North Carolina. Cardinal is also giving prompt written notice to Plaintiffs of the filing of this petition for removal.

**WHEREFORE**, Cardinal prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Gaston County, North Carolina Superior Court and for such other and further relief as this Court may deem just and proper.

Submitted this the 13th day of March, 2026.

**BRADLEY ARANT BOULT CUMMINGS LLP**

_Maria Carisetti_

G. Benjamin Milam, Esq. (NC Bar No. 45483)
Maria Carisetti (NC Bar No. 57843)
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
(704) 338-6023 – Telephone
(704) 338-6080 – Facsimile
bmilam@bradley.com
mcarisetti@bradley.com

*Attorneys for Cardinal Financial Company, Limited Partnership*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL**

was served via U.S. mail, postage pre-paid, on this 13th day of March, 2026, to the following:

Kyle J. Nutt
REISS & NUTT, PLLC
105 Grace Street, Suite 101
Wilmington, NC 28401
*Attorneys for Plaintiffs*

Maria Carisetti