**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:26-cv-203-MOC-DCK**

| | | |
|---|---|---|
| **JAMES SCOTT REYNOLDS,**<br>**BRITTANY AMBER NICOLE REYNOLDS,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CARDINAL FINANCIAL COMPANY,**<br>**LIMITED PARTNERSHIP,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Objection to the Magistrate Judge's Memorandum and Recommendations (Doc. Nos. 14, 15). For the following reasons, the Court **OVERRULES** Defendant's objection (Doc. No. 15), **ADOPTS** the Magistrate Judge's Memorandum and Recommendations (Doc. No. 14), and **GRANTS** Plaintiffs' Motion to Remand (Doc. No. 9).

## I. BACKGROUND

Plaintiffs filed this action in Gaston County Superior Court. (Doc. No. 1-2 at 6). Plaintiffs' allegations centered around a loan agreement with Defendant exceeding $600,000. (Id. at 7–18). Defendant gave Plaintiffs the loan to build a home on a plot of land. (Id. at 8). The loan had two distinct components: (1) the construction phase and (2) the residential phase. (Id.). The respective rights and duties of the parties were different during each phase. (Id.). Per the terms of the loan, Defendant agreed to loan Plaintiffs money to pay their builder, and once construction was completed, the loan would turn into a permanent mortgage on the land. (Id.). However,

Plaintiffs had a dispute with their builder and completion of the home was delayed. (Id. at 10). Defendant contended that Plaintiffs had moved into the residential phase of the loan, whereas Plaintiffs maintained that they were still in the construction phase. (Id. at 10–11).

Plaintiffs sued on August 8, 2025, alleging that Defendant refused to accept payments under the loan, blocked Plaintiffs from accessing their loan information, threatened them with foreclosure, and reported their payments as late to credit reporting agencies. (Id. at 11–18). Plaintiffs asserted three claims. First, they asked for a declaratory judgment stating that they were not in default on the loan. (Id. at 19–20). Second, they asserted that Defendant breached the loan agreement. (Id. at 20–21). Third, they asked for a preliminary and permanent injunction enjoining Defendant from initiating foreclosure proceedings. (Id. at 21–22).

Plaintiffs filed an amended complaint on February 13, 2026, adding a fourth claim for unfair and deceptive trade practices. (Id. at 116–17). Defendant then filed a notice of removal on March 13, 2026, based on diversity of citizenship. (Doc. No. 1-1). Plaintiffs moved to remand because Defendant's notice was untimely. (Doc. No. 9).

The Magistrate Judge issued a Memorandum and Recommendations (Doc. No. 14) stating that Plaintiffs' Motion to Remand (Doc. No. 9) should be granted. The magistrate reasoned that (1) Plaintiffs' original complaint was removable; (2) Plaintiffs' amended complaint did not materially change the nature of Plaintiffs' allegations such that the removal clock should restart; and (3) Defendant's notice of removal was therefore untimely. (Id.). Defendant filed objections to the Magistrate Judge's recommendation. (Doc. No. 15). Defendant argued that Plaintiffs' original complaint did not satisfy the amount in controversy requirement because the overdue balance of the loan was less than $75,000. (Id.). The fact that foreclosure was

threatened, Defendant averred, was immaterial to the amount in controversy. (Id.).

## II. APPLICABLE STANDARD

A district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R. CRIM. P. 59(a); see also FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## III. DISCUSSION

After reviewing the Magistrate Judge's Memorandum and Recommendations, the Court finds that Defendant's notice of removal was untimely for the reasons stated in the Magistrate's order. As the Magistrate Judge stated, Plaintiffs' original complaint was removable at the time it was filed, and Defendant thus had thirty days from the date of filing to file its notice of removal.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Memorandum and Recommendations (Doc. No. 14) and **GRANTS** Plaintiffs' Motion to Remand (Doc. No. 9).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendations (Doc. No. 14) is **ADOPTED** and Plaintiffs' Motion to Remand (Doc. No. 9) is **GRANTED**.

Signed: August 26, 2026

Max O. Cogburn Jr.
United States District Judge